Defendant-appellant Donald E. Brooks appeals from his conviction and sentence for Burglary. Brooks contends that there is insufficient evidence in the record to support his conviction because there was no evidence of his use of force, stealth or deception to gain entry into the victim's apartment, and because no one was present when the alleged Burglary was committed. We conclude that there is evidence in the record to support the proposition that Brooks did not have permission to enter the victim's apartment, and that he did so at a time when other persons were likely to be present. However, we agree with Brooks that the evidence in the record is insufficient to support a finding that his entry into the apartment was accomplished by means of force, stealth or deception.
Brooks also contends that his conviction is against the manifest weight of the evidence. He contends that his witness was more credible than the State's witness. We conclude that issues of credibility are primarily for the trier of fact, and that the jury's decision to believe the State's witness is not against the manifest weight of the evidence.
Because we agree with Brooks that the evidence in the record is insufficient to support a finding, beyond reasonable doubt, that his entry into the apartment was accomplished by means of force, stealth or deception, his conviction and sentence for Burglary is Reversed, and this cause is Remanded with instructions to enter a judgment of conviction for Criminal Trespass, with an appropriate sentence.
 I
One early morning in August, 1996, Meeca Miller left her apartment to go to work at 4:30 a.m. She returned at 8:00 a.m. to pick up her children and take them to a day care center. At that time, she told Troy Brooks, the father of her children, who was there taking care of them, that she would leave the door unlocked because he didn't have the key, he was working in the building next door; and she wanted him to be able to use the rest room and eat lunch. She testified that no one else had permission to be in her house that day.
When Miller returned at about twenty minutes before noon, she immediately noticed that her VCR was missing. She testified that no one had permission to take the VCR.
Defendant-appellant Donald Brooks is Troy Brooks's brother. A twelve-year-old boy, Djuan Gay, was visiting that day in the apartment of his aunt, who lived in the apartment immediately below Miller's. Djuan had been cleaning up, and took mop water out into the stairwell. There, he saw Donald Brooks with a VCR coming down the stairs from Miller's apartment. Brooks had Kroger shopping bags wrapped around the VCR. Earlier in the day, Djuan had seen Brooks go up the stairwell with nothing in his hands. Djuan saw Brooks go across the street to another complex. Djuan testified that he spoke to Brooks about the VCR, and Brooks gave him several conflicting stories.
John Miller, a thirteen-year old, also testified. He lived in the apartment where Djuan was visiting. He went outside with Djuan when Djuan was emptying the mop water. John Miller also saw Brooks coming down the stairs with bags, and he saw wires coming out the bags. He described the bags as being Kroger bags.
Brooks was charged with Burglary. Following a jury trial, he was convicted, and sentenced accordingly. From his conviction and sentence, Brooks appeals.
 II
Brooks's First Assignment of Error is as follows:
 APPELLANT'S CONVICTION FOR BURGLARY IS BASED UPON INSUFFICIENT EVIDENCE.
Brooks was charged with violating R.C. 2911.12(A)(4), which provides as follows:
 No person, by force, stealth or deception, shall do any of the following:
* * *
 (4) Trespass in a permanent or temporary habitation of any person when any person other than the accomplice of the offender is present or likely to be present.
In support of this assignment of error, Brooks first argues that there was no testimony presented of his use of force, stealth or deception to gain entry into Miller's apartment.
Donald Brooks had no permission to be in Miller's apartment. This was Miller's unrebutted testimony. The door was not locked. There was no testimony concerning whether the door was closed. In our view, the absence of any testimony, even testimony of habit, to suggest that the door was closed when the last occupant of Miller's apartment left it, is fatal to the State's case.
With respect to the elements of stealth or deception, we cannot distinguish this case from State v. Gregg (October 26, 1992), Champaign App. No. 91-CA-15, unreported, in which we held that an entry into a home through the front door, at a mid-day hour, openly and in full view of anyone who might be watching, without involving in any way another upon whom a deceitful act was committed, could not be held to have been accomplished through stealth or deception. In the case before us, there is no evidence of a deceitful act having been committed. Although the premises being entered in the case before us was an apartment, rather than a house, the entry must have occurred between the hours of 8:00 a.m. and noon, at a time when anyone might be watching, and, in fact, it appears that at least one person, Djuan Gay, was, in fact, watching.
In Gregg, supra, we held that there was sufficient evidence of the use of force, even though the door was unlocked, because the door was closed, and some force, however minimal, was required to turn the knob and open the door. In the case before us, however, there is no evidence that the door was closed. In the absence of any evidence, even evidence of habit, a finding that the door was closed when the last person to leave before Brooks's entry, which might have been Meeca Miller or might have been Troy Brooks, who did not testify, requires too much speculation to satisfy the standard of proof beyond reasonable doubt.
We agree with Brooks that the State has failed to prove, beyond reasonable doubt, that he used force, stealth or deception to gain entry into Miller's apartment.
Brooks also argues that the State failed to prove that entry to the apartment was gained at a time when other persons were likely to be present. We are unpersuaded by this argument. Brooks entered a residential apartment between the hours of 8:00 a.m. and noon. In our view, the jury could find that this was a time when other persons were likely to be present.
Brooks's First Assignment of Error is sustained.
 III
Brooks's Second Assignment of Error is as follows:
 APPELLANT'S CONVICTION FOR BURGLARY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Brooks argues that the trier of fact ought to have credited his witness, William Riggsby, who testified that he saw Brooks enter Miller's apartment building, and then saw him leave it, about an hour later, empty-handed. Brooks argues that the trier of fact ought to have credited this testimony in preference to the testimony of Djuan Gay and John Miller, who testified that they saw Brooks descending the stairwell carrying something that could have been a VCR. We find nothing inherently incredible in the testimony of Djuan Gay and John Miller. We note that during Riggsby's direct testimony, he first denied that he had seen Brooks earlier that day, before his confrontation with the investigating police, which Riggsby witnessed. After being prompted that he had told the police that he had seen Brooks earlier, Riggsby recalled having seen Brooks earlier.
Pursuant to State v. Thompkins (1997), 78 Ohio St.3d 380, an appellate court has the duty and power to sit as a "thirteenth juror," and weigh the evidence. Id., at 387. However, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heaviliy against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, cited approvingly in State v. Thompkins, supra, at 387. Where the weight of the evidence involves issues of credibility, an appellate court must exercise extreme caution, since, unlike the original trier of fact, who had the opportunity to see and to hear the witnesses, the appellate court can only review a transcript of the testimony.
In our view, the jury's decision to credit the testimony of Djuan Gay and John Miller, in preference to the testimony of William Riggsby, was not against the manifest weight of the evidence. Brooks's Second Assignment of Error is overruled.
 IV
Brooks's First Assignment of Error having been sustained, the judgment of the trial court is Reversed. Because there is evidence in the record from which the jury could find, as it evidently did, all the elements of Criminal Trespass, a lesser-included offense of Burglary, this cause is Remanded to the trial court with instructions to enter a judgment of conviction for Criminal Trespass, with an appropriate sentence.
YOUNG, P.J., and BROGAN, J., concur.
Copies mailed to:
William F. Schenck
Robert K. Hendrix
David R. Miles
Hon. Thomas Rose